**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **ISAAC SUTOR,**<br><br>                         Plaintiff,<br>v.<br><br>**AMERIGROUP CORPORATION,**<br><br>                         Defendant. | Civil Case No.: 1:19-cv-01602 |

**COMPLAINT**

Plaintiff, Isaac Sutor ("Plaintiff"), by counsel, alleges as follows:

**INTRODUCTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant has placed hundreds of autodialed text messages to Plaintiff's cellular telephone.

3. Plaintiff has expressly and in writing revoked consent for such messages, to no avail.

4. Accordingly, Defendant's actions violated the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and because its actions giving rise to the claim

were targeted at this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim – the telephone calls – occurred in this District.

## PARTIES

8. Plaintiff is a citizen and resident of Manassas, Virginia.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Defendant Amerigroup Corporation ("Defendant" or "Amerigroup") is, and at all times mentioned herein was, a Delaware corporation company with its headquarters located at 4425 Corporation Lane, Virginia Beach, VA 23462.

11. Defendant Amerigroup is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

12. Plaintiff was a contracted employee in a contract-to-hire position of Defendant's parent company, Anthem, Inc, from September 3, 2019 to September 26, 2019.

13. During his employment, Plaintiff was required to provide a telephone number at which he could receive certain automated notifications related to actions taken on Defendant's servers (i.e. a file being opened).

14. Though Plaintiff was reluctant to provide his personal cell phone number, he was told that he could not use a VoIP or similar number, and instead had to use a number associated with a wireless carrier.

15. Accordingly, Plaintiff provided his telephone number ending in 9491.

16. After Plaintiff left his employment on September 26, he continued to receive these

automated server text messages, often at the rate of 20 or more per day.

17. On or about September 27, Plaintiff sent a text message to Brittany White, his former supervisor who was responsible for adding his cellular telephone number to the database of numbers to which these automated texts should be sent, asking Ms. White to "please remove me from the ram update auto texts as well as the team text messages. Thanks".

18. The following morning, Ms. White responded "[w]hen I get back to the office on Monday I will make sure that you don't get the text messages from Tidal. I did remove you from the group messaging and group me."

19. Upon information and belief, the "text messages from Tidal" refers to the automatic server text messages at issue herein, and which Plaintiff referred to as the "ram update auto texts" in his September 27 text messages.

20. Plaintiff continued to receive the automated server messages and followed up on October 1.

21. That same date, Ms. White told Plaintiff that "we are working on getting that fixed".

22. Plaintiff continued to receive these messages and followed up on October 3.

23. That same date, Ms. White told Plaintiff "[s]till trying to get it done it takes a little bit."

24. Plaintiff has continued to receive these messages at a rate of 20 or more per day.

25. For example, Plaintiff received 32 text messages between midnight and 10 AM on October 21.

26. For example, Plaintiff received more than 40 text messages by 1:20 PM on October 23.

27. In the roughly two-week period ending October 23, Plaintiff received over 230 text

messages.

28. Plaintiff receives these text messages all day and night, interrupting personal moments and milestones including, but not limited to, his wedding and honeymoon.

29. Plaintiff cannot simply block the number, as the number changes with each text messages.

30. Defendant's system likely has numerous telephone numbers on its database to which these messages are sent.

31. When the system sends a text message, it sequentially reads the database in which the numbers are stored and, from that database, "generates" the number to place in the "to" field of the outgoing text messages, adds the content of the message, and then sends the message.

32. This is all done without any human intervention.

33. This system therefore qualifies as an automatic telephone dialing system.

34. Defendant's actions in sending text messages to Plaintiff using an automatic telephone dialing system after Plaintiff revoked his consent violates 47 U.S.C. § 227(b).

35. Defendant's actions were willful and/or knowing because Defendant sent the texts of its own volition and continued to do so after being asked to stop.

36. Plaintiff has suffered concrete harm because of Defendant's telephone calls, including, but not limited to:

- Lost time tending to the unwanted texts and responding to Defendant's unlawful conduct;
- Inability to properly use his telephone (as to stop the constant text alerts, Plaintiff would need to turn off or silence his phone);
- Invasion of his privacy by calls continuing after he asked Defendant to stop calling,

aggravation, and nuisance. This includes receipt of these messages at all hours of the day, at his wedding, and on his honeymoon.

37. These forms of concrete harm are sufficient for Article III standing purposes.

38. Plaintiff is entitled to statutory damages and injunctive relief for these violations of the TCPA.

39. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant sent text messages to Plaintiff's telephone number after Plaintiff asked Defendant to stop.

42. Plaintiff's telephone number is assigned to a cellular telephone service.

43. As alleged, these calls all used an "automatic telephone dialing system."

44. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

45. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Isaac Sutor prays for the following relief:

A. An order declaring that Defendant's actions violate the aforementioned laws and statutes;

B. An award of injunctive and other equitable relief prohibiting Defendant from

engaging in the wrongful and unlawful acts described herein;

  C. An award of statutory or contractual damages;

  D. An award of treble damages;

  E. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

        Respectfully submitted,
        **PLAINTIFFS**

        By: */s/ Kristi C. Kelly*
        Kristi C. Kelly, Esq., VSB #72791
        Andrew J. Guzzo, Esq., VSB #82170
        Casey S. Nash, Esq., VSB #84261
        KELLY GUZZO, PLC
        3925 Chain Bridge Road, Suite 202
        Fairfax, VA 22030
        (703) 424-7572
        (703) 591-0167 Facsimile
        Email: kkelly@kellyguzzo.com
        Email: aguzzo@kellyguzzo.com
        Email: casey@kellyguzzo.com

        Jeremy M. Glapion (*pro hac vice* forthcoming)
        The Glapion Law Firm, LLC
        1704 Maxwell Drive
        Wall, New Jersey 07719
        Tel: 732.455.9737
        Fax: 732.965.8006
        jmg@glapionlaw.com

        *Counsel for Plaintiffs*