# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | | |
|---|---|---|
| ISAAC SUTOR, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 1:19-cv-01602-LMB-JFA |
| AMERIGROUP CORPORATION, | ) ) | |
| *Defendant*. | ) ) | |

## DEFENDANT'S CONSENT MOTION TO CONTINUE HEARING AND FOR EXTENSION OF TIME TO FILE RESPONSE TO COMPLAINT

Defendant Amerigroup Corporation, by counsel, pursuant to Fed. R. Civ. P. 6(b)(1) and Local Civil Rule 7(F)(2)(b), files this consent motion to continue the hearing set for February 21, 2020, on its Motion to Stay, and for an extension of time up to and including March 27, 2020, within which to file its response to the Complaint filed by Plaintiff, Isaac Sutor. In support of its requests, Defendant states as follows:

1. Defendant respectfully requests that the Court (i) continue the hearing on its Motion to Stay currently scheduled for February 21, 2020, to March 13, 2020, and (ii) extend the deadline to respond to Plaintiff's Complaint to March 27, 2020. There is good cause for both requests.

2. This lawsuit was filed on December 20, 2019. [ECF No. 1.] Defendant waived service of the Summons and Complaint, making its response due by March 2, 2020. [ECF No. 6.] Pending before the Court is a Motion to Stay filed by Defendant. [ECF No. 7.] Defendant noticed its hearing on the Motion to Stay for February 21, 2020, so that the Motion to Stay could be ruled on before the responsive pleading deadline.

3. Counsel for Plaintiff has a conflict on February 21, 2020 and requested that the hearing on the Motion to Stay be rescheduled. Because of intervening conflicts, the first date that

counsel for both sides are be available is March 13, 2020. For this reason, Defendant, with the consent of Plaintiff, requests that the hearing on the Motion to Stay be continued to March 13, 2020, at 10:00 a.m.

4. Accordingly, Defendant also requests that its deadline to respond to the Complaint be extended to March 27, 2020, which is two weeks after the proposed new hearing date on the Motion to Stay.

5. As explained in its Motion to Stay, after this lawsuit was filed, on January 10, 2020, the Supreme Court granted certiorari in *American Association of Political Consultants, Inc. v. FCC* ("AAPC") to decide whether the ATDS restrictions listed in the TCPA are constitutional. *See Am. Ass'n of Political Consultants, Inc. v. FCC,* 923 F.3d 159 (4th Cir. 2019), cert. granted sub nom. *Barr v. Am. Ass'n of Political Consultants, Inc.*, ___ S. Ct. ___, No. 19-631, 2020 WL 113070 (Mem.) (U.S. Jan. 10, 2020).

6. Plaintiff opposes Defendant's request for a stay. First, the questions presented to the Supreme Court are "[w]hether the government-debt exception to the TCPA's automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute."[1] The government-debt exception is not relevant to this case. Second, Plaintiff believes that any stay will be prejudicial to Plaintiff. These issues will be discussed in more detail in Plaintiff's forthcoming opposition.

7. In ruling on the Motion to Stay, the Court will decide whether this case should proceed or whether the action should be stayed pending the resolution of the *AAPC* case.

8. Though the Parties disagree on the merits of the Motion to Stay, the Parties agree that it is in the interest of fairness and judicial economy that the Motion to Stay be heard prior to Defendant's responsive pleading deadline.

---

[1] Available at https://www.supremecourt.gov/docket/docketfiles/html/public/19-631.html

9. Accordingly, Plaintiff consents to the extension of Defendant's responsive pleading deadline, which is less than a month after the current deadline. No scheduling order has been issued in the case, and no other deadlines need to be moved. This is Defendant's first request to extend the deadline to respond to the Complaint.

10. For these reasons, Defendant submits there is good cause to grant the Consent Motion, continue the hearing on the Motion to Stay, and extend the deadline to respond to the Complaint.

WHEREFORE, for the foregoing reasons, Defendant Amerigroup Corporation, respectfully requests that the Court grant its Consent Motion, continue the hearing set for February 21, 2020 to March 13, 2020, extend the deadline to respond to the Complaint, if necessary, to March 27, 2020, and award all other just and equitable relief.

Dated: February 19, 2020             Respectfully submitted,

**AMERIGROUP CORPORATION**

*/s/ Massie P. Cooper*
Alan D. Wingfield (VSB No. 27489)
Virginia Bell Flynn (VSB No. 79596
Massie P. Cooper (VSB No. 82510)
TROUTMAN SANDERS LLP
*Counsel for Amerigroup Corporation*
1001 Haxall Point (23219)
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1350
Facsimile: (804) 697-1339
E-mail: alan.wingfield@troutman.com
E-mail: virginia.flynn@troutman.com
E-mail: massie.cooper@troutman.com

41480233