**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **ISAAC SUTOR,** | Civil Case No.: 1:19-cv-01602-LMB |
| Plaintiff, | |
| v. | |
| **AMERIGROUP CORPORATION,** | |
| Defendant. | |

**PLAINITFF'S OPPOSITION TO DEFENDANT AMERIGROUP CORPORATION'S MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT'S DECISION IN *BARR v. AM. ASS'N OF POLITICAL CONSULTANTS*, CASE NO. 19-631**

"Justice delayed, Justice denied." This principle is etched into the face of the Albert V. Bryan Federal Courthouse in Alexandria. More than just an empty mantra, the Eastern District of Virginia adheres to this principle, often referring to itself as the "Rocket Docket." *United States v. Ferguson*, 432 F. Supp. 2d 559, 568-69 (E.D. Va. 2006).

Despite this, Defendant, Amerigroup Corporation, asks the Court to stay this matter pending the Supreme Court's decision in a case that has yet to be briefed or argued, and is, at best, only tangentially related to the instant matter. In *William P. Barr v. American Association of Political Consultants Inc., et al.*, No. 19-631 ("Barr"), the Supreme Court granted certiorari to decide whether the government debt-collection exemption to the TCPA's automated call provisions violates the First Amendment and, if so, whether it should be severed from the rest of the statute. Defendant's Motion should be denied.

***First***, the government debt-collection exemption is not at issue here, leaving severability as the sole issue that may impact this case. While it is possible the Supreme Court will buck decades of precedent, Congressional mandate, and the unanimity of appellate courts on the severability of this case-irrelevant provision, and instead choose to strike the 30-year-old TCPA in its entirety, it is unlikely.

***Second***, Defendant has failed to satisfy its burden that it will be harmed if this case is not stayed. By contrast, Plaintiff will be prejudiced by a stay. Defendant's system only keeps records of sent messages for a finite amount of time. While Plaintiff's counsel does not recall that exact length of time, it has already led to a disagreement over the number of text messages sent to Plaintiff. As damages under the TCPA are "per text", significant and unnecessary delay in this case risks compounding what is already amounting to a significant issue. This is on top of the

normal issues accompanying a stay—employees leaving, documents and data being lost or corrupted, and memories fading.

I. **The Debt-Collection Exception to the TCPA is not at Issue in this Litigation.**

Defendant's characterization of *Barr* as deciding "whether the restrictions on the use of automatic telephone dialing systems ("ATDS") . . . are constitutional" is demonstrably false. The actual question presented is (with emphasis added):

> Whether **the government-debt exception** to the TCPA's automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute.[1]

But the "government-debt exception" is not applicable here. This case involves automated server alert notifications. [Compl. ¶¶ 13-16.] As such, it is only the second issue—severability—that could theoretically impact the case here.

II. **Severability is Unlikely to Impact This Case.**

The only way *Barr* could impact this case is if the Court not only finds the government-debt exception to be unconstitutional, but then decides, in contrast to its own lengthy precedent, the agreement of the courts of appeals, and the statute itself, that a 2015-created exception to a 30-year-old statute cannot be severed. This is highly unlikely, to put it mildly.

The Supreme Court itself has long said that severance is the preferred remedy, when possible. *See, e.g.*, *NFIB v. Sebelius*, 567 U.S. 519, 587 (2012) (a reviewing court "must leave the rest of the [statute] intact" if possible, when one aspect is constitutionally flawed); *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 508 (2010) ("partial . . . invalidation [of a statute] is the required course.")

---

[1] Available at https://www.supremecourt.gov/docket/docketfiles/html/public/19-631.html

3

This is especially so when Congress itself has addressed severance in the statute. With respect to the TCPA, Congress "has directed that, if any part of the TCPA 'is held invalid . . . the remainder . . . shall not be affected." 47 U.S.C. § 608.[2] "[W]hen Congress has explicitly provided for severance by including a severability clause in the statute", there is "a presumption that Congress did not intend the validity of the statute in question to depend on the validity of the constitutionally offensive provision." *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 686 (1987). "In such a case, unless there is a strong evidence that Congress intended otherwise, the objectionable provision can be excised from the remainder of the statute." *Id.* The Supreme Court has previously enforced § 608's severability provision to save another statute with an unconstitutional clause codified in Chapter 5 of Title 47. *See Reno v. ACLU*, 117 S. Ct. 2329, 2350 (1997) (considering the constitutionality of 47 U.S.C. § 223 and holding that "we will follow § 608's guidance by leaving constitutional textual elements of the statute intact in the one place where they are, in fact, severable.")

In addition, both courts of appeals to strike down the government-debt exception have held that the proper remedy is to sever the exception. *Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159, 170-71 (4th Cir. 2019); *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1156-57 (9th Cir. 2019). Though these cases and the severability issue included in the *Barr* appeal, the *Barr* petitioners acknowledge that the question of severability "does not independently satisfy the usual criteria for this Court's review." Petition, p. 14 (Nov. 14, 2019), *available at* https://www.supremecourt.gov/docket/docketfiles/html/public/19-631.html.

---

[2] Specifically, § 608 states that "[i]f any provision of this chapter or the application thereof to any person or circumstance is held invalid, the remainder of the chapter and the application of such provision to other persons or circumstances shall not be affected thereby." Section 608 is part of Title 47, chapter 5—which includes the TCPA (subchapter II, § 227, *et seq.*).

In short, the possibility that the Supreme Court invalidates the entire statute on the basis of a recently added and irrelevant exception to that statute, despite its own precedent and the guidance of Congress, is so remote that it would be unjust to stay this litigation for approximately four months.

**III. Defendant Has Not Met its Burden for a Stay.**

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citations omitted). Furthermore, the proponent "must make out a clear case of hardship or inequity in being required to go forward[.]" *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Defendant has not met that burden here. The Court should deny the request to stay this action for that reason alone.

Defendant's only identified hardship is that it would have to spend time and money defending this lawsuit. Being required to defend a lawsuit, however, does not constitute a hardship or inequity sufficient to justify a stay. *See, e.g. Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *Sunbeam Prods v. Hamilton Beach Brands, Inc.*, Case No. 09-cv-791, 2010 U.S. Dist. LEXIS 45654, *14 (E.D. Va. May 7, 2010) (citing *Landis* and writing "[t]here mere fact that this action will go forward, and that litigating it will cost money, is an insufficient reason to warrant a stay."); *Osmose, Inc. v. Arch Chems., Inc.*, Case No. 10-cv-108, 2011 U.S. Dist. LEXIS 92710, *6-7 (E.D. Va. Jan. 28, 2011); *Atl. Coast Pipeline, LLC v. 1.52 Acres*, Case No. 17-cv-814, 2019 U.S. Dist. LEXIS 172398, *11 (E.D. Va. Jan. 31, 2019).

Notably, in claiming hardship, Defendant again misrepresents the issue pending before the Supreme Court, arguing that its litigation costs would have been needlessly spent "[i]f the Supreme

Court agrees with the Fourth and Ninth Circuits that the ATDS restriction fails strict scrutiny . . ." [Dkt. 8, p. 5.] But neither the Fourth nor Ninth Circuits held anything close to that, instead finding only that the government-debt exception, which is irrelevant to this case, fails strict scrutiny.

### IV. Plaintiff Will be Prejudiced by a Stay.

Exacerbating Defendant's own failure to identify any hardship justifying a stay is that Plaintiff *will* suffer hardship were a stay to be granted.

First, a stay compounds the already-substantial difficulty of gathering information relevant to this case because over time relevant employees leave, documents or data are lost or corrupted, and memories fade. *See Young v. Peraza*, No. 1560968-CIV, 2015 WL 4639736, at *2 (S.D. Fla. Aug. 4, 2015) ("Were the Court to grant the Motion [to stay], Plaintiff would stand to suffer prejudice as the memories of eyewitnesses faded with the passage of time."); *Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.*, No. 16-CV-62175, 2016 WL 6777896, at *1 (S.D. Fla. Nov. 16, 2016) ("when discovery is delayed or prolonged it can create case management problems which impede the [c]ourt's responsibility to expedite discovery and cause unnecessary litigation expenses and problems").

This is a real concern here. Plaintiff was a temporary employee of Defendant in a contract-to-hire position. [Compl. ¶ 12.] Indeed, Plaintiff stayed in this role for less than a month. It is very possible that others with direct knowledge of the facts at issue here were or are in similarly transient positions with Defendant. Should they leave, locating these witnesses and securing their testimony may prove difficult or impossible.

Further, Plaintiff understands that Defendant's system only keeps records of messages of the type at issue for a set number of months.[3] In preliminary discussions about this case, this has

---

[3] Plaintiff's counsel does not definitively recall this exact number, but believes it was approximately 3 months.

already led to a significant discrepancy in the number of text messages identified in Plaintiff's records, and the number of text messages Defendant has been able to identify. As the TCPA provides for damages per-call, staying this case risks jeopardizing Plaintiff's ability to fully prove his case.

Second, and more generally, subjecting Plaintiff to the stay Defendant proposes is inherently prejudicial because it substantially delays his potential recovery. *See Rux v. Republic of Sudan*, 2005 U.S. Dist. LEXIS 36575 ("The Eastern District of Virginia adheres strictly to the principle of 'Justice Delayed, Justice Denied'[.]"); *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016) ("Plaintiffs have a strong interest in being fully compensated for their losses as soon as possible, and therefore, a stay is not appropriate."); *United States v. Swissco Properties within S. Dist.*, 821 F. Supp. 1472, 1475 (S.D. Fla. 1993) ("justice delayed is justice denied."); *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987) ("Plaintiffs have a substantial interest in the efficient conduct of this complex litigation").

Inexplicably, Defendant suggests that the "short stay" will last only until briefing is complete before the Supreme Court on or before April 29, 2020. [Dkt. 8, p. 6.] This is obviously untrue on its face. Defendant's request is to stay this case until *Barr* is *decided* by the Supreme Court, which, based on past precedent, will happen no earlier than June 2020.[4] This 4-month stay is the type of "significant delay in proceedings" which *per se* prejudices the non-moving party. *Gibbs*, 331 F. Supp. 3d 518, 527 (E.D. Va. 2018); *see also, e.g.*, *Sehler v. Prospect Mortg., LLC*, Case No. 13-cv-473, 2013 U.S. Dist. LEXIS 132123, *8-9 (E.D. Va. Sept. 16, 2013) (delay of four to six months is significant and prejudicial to the non-moving party); *Fisher v. Unites States*, Case No. 13-MC-08, 2013 U.S. Dist. LEXIS 163789, *12-13 (E.D. Va. Nov. 18, 2013) (denying a

---

[4] All but one case from the Supreme Court's October 2018 term that was argued in April 2019 was decided in June 2019.

motion to stay because the court could not estimate an exact period of delay and that it may be "months").

## CONCLUSION

The *Barr* matter is only tangentially related to the instant matter, and it is extremely unlikely that the Supreme Court's decision will have any impact on this litigation. When considered against the lengthy delay and prejudice to Plaintiff, the lack of hardship to Defendant, and the Eastern District of Virginia's speedy case management preferences, Plaintiff respectfully requests that Defendant's Motion to Stay be denied.

**Dated:** February 28, 2020

s/ Kristi C. Kelly_____
Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey Nash, Esq., VSB #84261
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyguzzo.com
Email:aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com

Jeremy M. Glapion (145972015 - NJ)
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com
*Admitted Pro Hac Vice*

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 28th day of February, 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                       /s/
                   Kristi C. Kelly, Esq., VSB #72791
                   KELLY GUZZO, PLC
                   3925 Chain Bridge Road, Suite 202
                   Fairfax, VA 22030
                   Telephone: (703) 424-7572
                   Facsimile: (703) 591-0167
                   Email: kkelly@kellyguzzo.com
                   *Counsel for the Plaintiff*