IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ISAAC SUTOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:19-cv-1602 (LMB/JFA) |
| ) | |
| AMERIGROUP CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant's Motion to Stay [Dkt. No. 7], in which defendant seeks to stay the case pending the Supreme Court's decision in a tangentially related case. For the reasons stated below, this motion will be denied.

The complaint alleges that defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) by continuing to send a high volume of automated text messages to plaintiff, a former employee of defendant's parent company, despite plaintiff's revocation of his consent to receive such messages. On January 10, 2020, the Supreme Court granted certiorari in Am. Ass'n of Political Consultants, Inc. v. FCC, 923 F.3d 159 (4th Cir. 2019), cert. granted sub nom. Barr v. Am. Ass'n of Political Consultants, Inc., No. 19-631, 2020 WL 113070 (Mem.) (U.S. Jan. 10, 2020), to determine whether the government-debt exception to the TCPA's automated call provisions, which is not at issue in this action, violates the First Amendment and if so, whether the proper remedy is to sever the exception from the remainder of the statute. Defendant argues that this action should be stayed because if the Supreme Court finds that the government-debt exception violates the First Amendment, it could conclude that the appropriate remedy is to invalidate the entire TCPA automatic telephone dialing systems

("ATDS") restriction, which would moot plaintiff's sole claim. Oral argument before the Supreme Court in Barr is scheduled for April 22, 2020.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983). In determining whether to stay proceedings, a district court considers the following factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and,] (3) potential prejudice to the non-moving party." Gibbs v. Plain Green, LLC, 331 F. Supp. 3d 518, 525 (E.D. Va. 2018) (internal quotation marks and citations omitted).

Defendant has not provided sufficient justification for staying the case. As an initial matter, the primary issue before the Supreme Court in Barr, namely whether the government-debt exception to the TCPA is constitutional, is not applicable in this action. Accordingly, the only reason Barr would have any bearing on this case is if the Supreme Court both finds the government-debt exception unconstitutional, and decides, contrary to the holdings of the two courts of appeals to consider this issue,[1] that the appropriate remedy is the extreme measure of striking down the entire statute. Staying this action for months based on this possibility is inefficient and does not promote judicial economy.

---

[1] See Am. Ass'n of Political Consultants, Inc. v. FCC, 923 F.3d 159, 170-71 (4th Cir. 2019); Duguid v. Facebook, Inc., 926 F.3d 1146, 1156-57 (9th Cir. 2019).

Nor is the hardship or inequity to defendant so significant as to warrant a stay. Although defendant argues that proceeding with discovery and motions practice will be costly, and may be irrelevant if the Supreme Court strikes down the entire TCPA, "[t]he mere fact that this action will go forward, and that litigating it will cost money, is an insufficient reason to warrant a stay." Sunbeam Prod., Inc. v. Hamilton Beach Brands, Inc., No. 3:09-cv-791, 2010 WL 1946262, at *4 (E.D. Va. May 10, 2010). Moreover, there is a significant risk that if the action is stayed for several months, plaintiff will be prejudiced. Although defendant has apparently implemented a litigation hold, a prolonged stay can make discovery unnecessarily difficult for other reasons, as relevant employees leave and memories fade. Staying the case also delays plaintiff's potential recovery. Accordingly, defendant has not met its burden of establishing that a stay is necessary. For these reasons, it is hereby

ORDERED that defendant's Motion to Stay [Dkt. No. 7] be and is DENIED; and it is further

ORDERED that the hearing scheduled for March 13, 2020 be and is CANCELLED.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 10 day of March, 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

3